**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **In re**<br><br>**WINTHROP STREET – MORRA SOLAR, LLC,**<br><br>**Debtor.** | ) | **Civil Action No. 26-10994-FDS** |

**MEMORANDUM AND ORDER ON**
**APPEAL FROM BANKRUPTCY COURT**

**SAYLOR, J.**

This is an appeal by Winthrop Street Property Trust from the Bankruptcy Court's grant of a preliminary injunction to preserve proceeds of a settlement purportedly reached by the parties, Winthrop Street Property Trust and Winthrop Street-Morra Solar, LLC. The bankruptcy code authorizes district courts to hear appeals from final orders of the Bankruptcy Court, but requires a party to obtain leave of court to seek an appeal from a Bankruptcy Court's interlocutory order. For the reasons set forth below, the Court finds that the preliminary injunction is an interlocutory order and denies Winthrop Street Property Trust leave to appeal.

## I. Background

The facts are set forth according to the documents contained in the appellant's appendix.

On November 5, 2014, the predecessors of Winthrop Street Property Trust (the "trust") and Winthrop Street-Morra Solar, LLC (the "debtor") entered into a lease agreement. (Kassem Affidavit, Ex. D, Dkt. No. 17-1, ¶ 3). Debtor agreed to lease property located at 297 Winthrop Street in Rehoboth, Massachusetts, where it would install and operate a solar farm. (*Id.*). The

lease was amended several times to reflect the specific parcel of property that debtor could use. (*Id.* ¶¶ 4-8).

On October 14, 2021, the trust filed suit against debtor in Bristol County Superior Court for failure to comply with the terms of the lease. (Ex. 6, Dkt. No. 17-1, at 6). Debtor filed a response asserting contractual counterclaims on November 12, 2021. The parties dispute, among other things, the circumstances giving rise to the lawsuit and whether a settlement was reached before the bankruptcy petition was filed.

On May 18, 2025, debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts. (Ex. 4, Dkt. No. 17-1, at 1). On August 15, 2025, it removed the Superior Court action to the Bankruptcy Court, thus commencing the adversary proceeding at issue. (*Id.* at 6; Ex. 7, Dkt. No. 17-1). On November 7, 2025, debtor filed a motion for a preliminary injunction to prevent the trust from dissipating the proceeds from a settlement that (it contends) was reached prior to the filing of its bankruptcy petition. (Ex. D, Dkt. No. 17-1). It attached an affidavit of Gary Kassem, the president and CEO of debtor as well as SunConnect, a related entity. (*Id.*).

On February 5, 2026, the Bankruptcy Court held a hearing and orally granted the motion. (Ex. 9, Dkt. No. 17-1). It entered an order on February 9, 2026, that granted the injunction for the reasons stated during the hearing. (Ex. G, Dkt. No. 17-1).

The relevant portions of the hearing transcript are as follows:

> Obviously, I have to apply the *Cheney* standard and the moving party has the burden. I have to look at irreparable harm. I have to look at the—whether harm outweighs the harm to the other party. I can look at public interest if it's invoked. But, of course, the most important thing is likelihood of success on the merits.
>
> And I look at the allegations . . .

> I looked at the affidavit of Kassam and it, in essence, lays out the nature of the dispute and the basis of the claims. It lays out the damages that—that he claims were incurred and that he expects to recover. There's not a ton of detail in that, but there's you know, the two million-dollar number. There's the history of the litigation and then there's the allegation that the value of the property won't cover that and that these are the only assets that are available from the trust.
>
> And then I look at the opposition. There's no affidavit filed with the opposition. The opposition doesn't address likelihood of success on the merits of the underlying claim at all. All it says is, hey, they haven't prosecuted it and so that should show you that it's weak or whatever, but there's no affidavit that says that—you know, gives a theory about the default that was alleged or that the notice was given and there's some—what the factual disputes are. I've got nothing.
>
> And then on the irreparable harm, there's just the allegation that there's this settlement and now there's a disclosure. Oh, the settlement is not going to go forward, notwithstanding everything we did for the last six months because the trust doesn't want to go forward with it if they're not going to get the money. It's going to be enjoined. And so irreparable harm and balance of harms, you know, is affected by all that and there's no affidavit that talks about any real harm to the trust.
>
> So I'm going to grant the injunction. And I'll—I can revisit it at some later point perhaps, but I'm going to grant the injunction. It doesn't seem to be—you know, given that the settlement is not going forward, you know, maybe that's a whole set of circumstances, but I'm not sure what to do with that. And so I was holding off on ruling on abstention and, you know, I want to address remand, but I guess I'd like to do that in the context of, you know, what's going to happen with this litigation, what's going to happen with this lease, if, you know, the lease is going to be assumed, then that's one thing. If it's not going to be assumed, then I have to look at it in a different way.

(Ex. 9, Dkt. No. 17-1, at 28-30).

At the close of the hearing, counsel for the trust "ask[ed] that the Court consider requesting that the debtor filed a motion to assume or reject," to which the Court stated:

> There is not a chance, Mr. Gottlieb. There's not a chance. The delay that's now being caused is being caused by your client in part and so he has whatever deadline he has under the Code to assume or reject. He can move for an extension of that deadline. He can file a plan. He can do lots of things, but we need to understand and he must be getting towards the end of that deadline. . . .

> We have plenty of opportunity to talk about assuming or rejecting, but in connection with any assumption or rejection, you know, there has to be a determination of cure and whether there was a default and some of the issues that impact the litigation.
>
> So I think what's going to happen is we're going to end up with this all bundled up and, you know, at trial.

(*Id.* at 33-34).

Counsel for the trust then asked: "Can you tell me what the current status of the adversary proceeding is from a procedural perspective? Are we supposed to just continue to wait, not have any sort of tracking order or anything relative to receiving because we don't have the ability to foresee?" (*Id.* at 34). Counsel for debtor responded that "the case was basically queued up for trial in the Superior Court" such that "all the discovery" and "[a]ll the motion practice, other than motions *in limine* ha[ve] been done, so the next thing in the trial—in the litigation, whether it's here or in the Superior Court, is to schedule a trial." (*Id.* at 34-35). Counsel for the trust then stated: "[T]he point is, is that there's been nothing in this Court that has been put to order," to which the Court responded:

> Mr. Delaney, the case was removed. It has claims that were represented to this Court were being settled. And now we're told today that they're not being settled and they're going to be part of that litigation and that's been removed to this Court.
>
> So what's going to happen is we're going to have a hearing on a motion to remand where we're going to figure out what claims are being tried, whether the settlement is going forward. You know, we've got to sort that out.

(*Id.* at 35).

On February 23, 2026, the trust filed a notice of appeal to this Court.

## II. Analysis

### A. Finality

District Courts have jurisdiction to hear appeals "from final judgments, orders, and

decrees" and "with leave of the court, from other interlocutory orders and decrees of bankruptcy judges." 28 U.S.C. § 158(a). Because bankruptcy matters often aggregate many discrete disputes, they "are the object of 'special considerations' under the finality doctrine" and are evaluated under a more flexible finality standard than ordinary civil cases. *In re Bank of New England Corp.*, 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) (quoting *In re Empresas Noroeste, Inc.*, 806 F.2d 315, 316 (1st Cir.1986)); *see In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012). Nevertheless, a Bankruptcy Court order is not considered final "unless it conclusively determines 'a discrete dispute within the larger case.'" *Id.* (quoting *In re Harrington*, 992 F.2d 3, 5 (1st Cir. 1993)). In particular, "[a]n adversary proceeding is perhaps the clearest example of a 'discrete dispute' or 'judicial unit' within the bankruptcy case," and bears a "great similarity" to a typical civil action. *Id.* (quoting *In re Harrington*, 992 F.2d at 6 n.3). Therefore, "[i]n the typical adversary proceeding, the finality determination closely resembles the finality determination in an ordinary case." *In re Harrington*, 992 F.2d at 6 n.3 (citation modified).

In the Section 158(a) context, preliminary injunctions are generally considered "interlocutory in character." *In re Caribbean Tubular Corp.*, 813 F.2d 533, 535 n.3 (1st Cir. 1987). Here, the adversary proceeding before the Bankruptcy Court is a civil case concerning contractual claims and counterclaims, among other things. The Bankruptcy Court issued an injunction to preserve the proceeds of the settlement purportedly reached in that underlying case. The parties dispute whether the settlement existed in the first place, so the Bankruptcy Court indicated that it would "have a hearing on a motion to remand where we're going to figure out what claims are being tried, whether the settlement is going forward."[1] The preliminary

[1] The trust describes the fact that such a hearing has not yet been scheduled as "eeri[e]." (Appellant's Reply Brief, Dkt. No. 22, at 3). However, it filed a notice of appeal to this Court shortly after the preliminary-

injunction therefore "leaves open—for further evidence, deliberation, and final resolution—the underlying merits" of the adversary proceeding. *Navient Sols., LLC v. Homaidan*, 2022 WL 17252459, at *3 (E.D.N.Y. Nov. 28, 2022).

Moreover, resolution of the pending issues in the adversary proceeding could "obviate the present appeal." *In re Bank of New England Corp.*, 218 B.R. at 648. If the Bankruptcy Court ultimately finds that no settlement was reached, then the preliminary injunction will become moot. And if the Bankruptcy Court (or the Superior Court on remand) then finds the debtor liable, then the issue of satisfying debtor's judgment likewise ceases to exist. Those possibilities are further reason why the order is interlocutory. *See In re Am. Colonial Broad. Corp.*, 758 F.2d 794, 802 (1st Cir. 1985) ("Clearly an order is inconclusive where events which follow the order can move interested parties from a position of opposition to a position of support. In such a case, allowing an appeal before the full significance of the order is manifested would be a colossal waste of judicial resources. It could also hurt the parties, who cannot know at the time of the preliminary order whether the order will turn out to be more favorable than it first appears.") (citation modified).

In short, the preliminary injunction is interlocutory, because "[m]uch is left to be done before the adversary proceeding is finally concluded below, and the resolution of unresolved issues may affect strongly the parties' motivations for challenging" the order. *In re Bank of New England Corp.*, 218 B.R. at 648.

**B. <u>Leave to Appeal</u>**

The trust has filed a notice of appeal without first seeking leave to appeal. Nevertheless,

injunction hearing, which divested the Bankruptcy Court of jurisdiction over issues related to the appeal. *See In re Old Cold, LLC*, 602 B.R. 798, 822 (B.A.P. 1st Cir. 2019), *aff'd*, 976 F.3d 107 (1st Cir. 2020) ("The divestiture rule is applicable to an appeal from a bankruptcy court order.").

"Federal Rule of Bankruptcy Procedure 8003(c) endows [a court] with discretion to grant leave to appeal when a notice, but not a motion, of appeal is filed." *In re Bank of New England Corp.*, 218 B.R. at 648. Because "[t]he jurisdictional issues before [it] are straightforward," the Court will consider the trust's notice of appeal as a motion seeking leave to appeal an interlocutory order. *See id.* at 649.

If the bankruptcy order is interlocutory, then "whether to take jurisdiction rest[s] entirely within the discretion of the district court." *In re G.S.F. Corp.*, 938 F.2d 1467, 1473 (1st Cir. 1991). In determining whether to grant leave to appeal, "most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under § 1292(b)." *In re Bank of New England Corp.*, 218 B.R. at 652. That requires consideration of "whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)). As a general matter, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 77 (1st Cir. 1984). Nevertheless, because the "discretion under section 158(a)(3) is greater than that afforded under section 1292(b)," courts have applied "a more pragmatic and liberal approach in determining the appealability of bankruptcy court orders." *In re Jackson Brook Inst., Inc.*, 227 B.R. 569, 581-82 (D. Me. 1998).

Here, the Bankruptcy Court applied the *Cheney* standard for a preliminary injunction under Massachusetts law, given that the adversary proceeding is a civil case in the Bristol

County Superior Court. *See Packaging Indus. Grp., Inc. v. Cheney*, 380 Mass. 609, 616-18 (1980). It made on-the-record findings as to the *Cheney* factors, including likelihood of success on the merits, irreparable harm, and the balance of the harms. The trust challenges the Bankruptcy Court's application of the factors and suggests that "the 'prudent' action . . . would have been to stay the Hearing and schedule a status conference to better understand the particular arguments of the parties." (Appellant's Brief, Dkt. No. 16, at 8-9).[2]

The preliminary injunction does not satisfy the first prong for interlocutory certification, which requires that the order concern a controlling question of law. The issue must "implicate a pure legal principle that can be resolved without extensive consultation to the record." *Meijer, Inc. v. Ranbaxy Inc.*, 245 F. Supp. 3d 312, 315 (D. Mass. 2017). That is, "[a] controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting *Ahrenholz v. Board of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Challenging the Bankruptcy Court's findings as to the preliminary injunction factors, as the trust does, involves application of the law to the facts. The first prong is therefore not satisfied.

Neither is the second prong, which requires that the legal issue be unsettled. The *Cheney* standard is well-settled law. *See Town of Wellesley ex rel. Bd. of Selectmen v. Javamine, Inc.*, 2006 WL 1345836, at *2 (Mass. Super. Ct. Mar. 14, 2006) ("Preliminary injunctive relief is always a matter for sound discretion. However, several well settled criteria have developed to guide that discretion. The leading precedent remains *Packaging Industries Group, Inc. v.*

---

[2] Such case-management decisions are firmly within the discretion of the trial court. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 92 F.4th 355, 366 (1st Cir. 2024).

*Cheney,* 380 Mass. 609, 616-622, 405 N.E.2d 106 (1980).”). The trust itself cites *Cheney* in its brief, and does not otherwise contend that the Bankruptcy Court used the wrong legal standard. (Appellant’s Brief, Dkt. No. 16, at 9). Therefore, the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. *See In re Quigley Co., Inc.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) (finding that “there is no controlling question of law . . . as to which there is a substantial ground for difference of opinion” where, among other things, “the Preliminary Injunction makes many of the findings that would traditionally apply to a motion for injunctive relief”).

Finally, the appeal would not materially advance the ultimate termination of the litigation, which is the third requirement of the standard. Even where “reversal would terminate [a party’s] involvement in the litigation,” an appeal does not satisfy the third prong if “it would not terminate the adversary proceeding.” *In re Bank of New England Corp.*, 218 B.R. at 654. Here, reversal would not terminate either of the parties’ involvement in the case, much less the adversary proceeding as a whole. Rather, at minimum, the Bankruptcy Court must still decide the motion to remand, which likely requires determining the status of a settlement and of the claims in general. Thus, “[e]ither way, the parties will return to the bankruptcy court to litigate” the issues remaining in the adversary proceeding. *In re First Republic Grp. Realty, LLC*, 2010 WL 882986, at *2 (S.D.N.Y. Mar. 2, 2010); *see also id.* (“Even if I determined that Amusement had demonstrated a *likelihood* of success on the merits, this would not bring the bankruptcy court any closer to concluding the litigation.”); *State Ins. Fund Corp. v. Medsci Diagnostics, Inc.*, 2012 WL 827116, at *3 (D.P.R. Mar. 9, 2012) (finding that “a reversal ‘would not terminate the adversary proceeding,’ and thus the third prong is not met” where “the question of damages and obligations (yet to be decided by the Bankruptcy Court) would remain regardless”); *Homaidan*,

2022 WL 17252459, at *7 (finding the third prong unsatisfied where "[a]n expedited opinion . . . would not 'resolve'—at least not completely—'any of the issues remaining before the bankruptcy court'").

In sum, the appeal of the preliminary injunction meets none of the requirements of the Section 1292(b) standard. Accordingly, the Court will deny leave to appeal.

## III. Conclusion

For the foregoing reasons, the appeal of Winthrop Street Property Trust is dismissed.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 12, 2026